IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CODY S. HOWARD**                                                                                               **PLAINTIFF**

v.                                        Case No. 4:22-CV-01215-LPR

**NORTH LITTLE ROCK ELECTRIC;**
**DOES, Supervisors**                                                                                          **DEFENDANT**

### ORDER

Plaintiff Cody S. Howard sued North Little Rock Electric and unnamed supervisors because his power was shut off without notice sometime in late September of 2022.[1] Mr. Howard contends that the shut-off violated his right to procedural due process.[2] North Little Rock Electric has moved for judgment on the pleadings, arguing that Mr. Howard has failed to plausibly allege a constitutional violation.[3] The Court GRANTS that Motion.

Mr. Howard's biggest problem is that he did not have a constitutionally protected interest in electrical service when the shut-off occurred. The Due Process Clause is applicable only when a person's right to life, liberty, or property has been deprived. A public utility's decision to shut off electrical service clearly does not deprive someone of life or liberty. It can, however, implicate property rights. That isn't because there is some free-floating property right to electrical service, though. It's because the contract between the customer and the public utility gives the customer contractual (i.e., property) rights in the service. So governmental entities must comply with the Due Process Clause before ceasing to provide those services. But Mr. Howard has conceded that

---

[1] *See* Compl. (Doc. 1). The Court takes the allegations in Mr. Howard's Complaint as true at this stage of the litigation.

[2] *See* Order (Doc. 3) at 2–3 (concluding that Mr. Howard's due process claim chinned the low bar applicable to screening pro se complaints).

[3] Def.'s Mot. for J. on the Pleadings (Doc. 6).

he was not the person with whom North Little Rock Electric contracted.[4]  That person was Mr. Howard's mother; Mr. Howard was simply living in the home at the time the shut-off occurred.[5]  Mr. Howard's concession means that he did not have a property interest in the provision of electric service and, therefore, he has failed to state a procedural due process claim.

Mr. Howard has another problem, at least with respect to his claim against North Little Rock Electric as a governmental entity.  To sue a city (or in this case, a department of a city), a plaintiff must plausibly allege that there was some official policy or custom that caused the constitutional violation.[6]  Mr. Howard has not alleged that North Little Rock Electric has a policy or custom of shutting off electrical service without notice.  So even if he had alleged a constitutionally protected property interest, his claim against North Little Rock Electric would still fail.

## CONCLUSION

North Little Rock Electric's Motion for Judgment on the Pleadings is GRANTED.[7]  Judgment will be entered in favor of North Little Rock Electric.  The Clerk is directed to administratively terminate Mr. Howard's Motion to Proceed and Mr. Howard's Motion for

---

[4] Pl.'s Resp. to Def.'s Mot. for J. on the Pleadings (Doc. 11) at 2 ("The Plaintiff [a]dmits that I am not the [a]ccount [h]older . . . .").

[5] North Little Rock Electric has provided information indicating that Mr. Howard's mother was dead when the shut-off occurred.  *See* Reply in Supp. of Def.'s Mot. for J. on the Pleadings (Doc. 12) at 2 nn. 2–4.  The only thing Mr. Howard says about that is that his mother gave him the house. Pl.'s Resp. to Def.'s Mot. for J. on the Pleadings (Doc. 11) at 2.  If Mr. Howard's mother willed the house to him, then maybe there are some state-law intricacies by which he assumed his mother's role as the contracting party with North Little Rock Electric.  But that isn't something this Court considers at this stage of the litigation.  North Little Rock Electric's Motion for Judgment on the Pleadings requires the Court to look at the face of Mr. Howard's Complaint.  The only thing outside the Complaint the Court has considered is Mr. Howard's concession that he was not a party to the service contract with North Little Rock Electric.

[6] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–95 (1978).

[7] Doc. 6.

Subpoena.[8]  The Court certifies, pursuant to 28 U.S.C. 1915(a)(3) that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be in good faith.

IT IS SO ORDERED this 20th day of June 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[8] Docs. 10 & 16.